IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVENELL L. ASH,

                            Plaintiff,

  v.                                                                      OPINION and ORDER

STATE OF WISCONSIN,                                                21-cv-317-jdp

                            Defendant.

---

Pro se plaintiff Davenell Ash alleges that state authorities have harassed her by surveilling her with drones, stalking her, and attacking her with radiation. The court has granted her leave to proceed in forma pauperis. Dkt. 3. The next step is to screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Even under this lenient standard, I conclude that Ash's allegations do not support claims for relief that can be heard in this court. I will dismiss her case.

ALLEGATIONS OF FACT

I draw these allegations from Ash's complaint, Dkt. 1, and the letter attached to it, Dkt. 1-1. Ash alleges that the states of Illinois, Minnesota, Mississippi, and Wisconsin have carried out a campaign of harassment against her. She alleges that the authorities from these states have placed her on a government watchlist; attacked her with radiation from "military

weaponry"; outfitted her home, car, and business with cameras and microphones; surveilled her with drones; and used speakers to broadcast voices that taunt, mock, and insult her. She alleges that she is constantly followed.

Ash alleges that she was arrested during a traffic stop in Ullin, Illinois. As a result, her license was suspended and the authorities seized her car. After Ash paid the fines to reclaim her car, she was again pulled over and her car was seized. The authorities dropped Ash off at a hotel "in the middle of nowhere." When Ash went to court in Ullin for charges resulting from these stops, the court did not acknowledge that she had paid fines to reclaim her vehicle.

In a follow-up letter sent to the court in August, Dkt. 5, Ash alleges that the harassment has continued since filing her complaint in May. She alleges that she overhears the voices of the authorities planning to murder her and spend her money after her death. She also claims that the authorities block her phone calls and delete her emails from her account.

## ANALYSIS

Ash's pleading is flawed in several ways. One problem is that it is filed as a civil complaint, but Ash asks that the responsible parties be charged with attempted murder, stalking, torture, harassment, phone, computer and email hacking, poisoning, slander, defamation, and "aiding and abetting felonious assault." The courts do not have the authority to charge individuals with criminal violations—that authority lies with prosecutors, who are part of the executive branch of government. *See United States v. Lister*, 432 F.3d 754, 762 (7th Cir. 2005); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

I will infer from the allegations in the complaint that she brings claims under 42 U.S.C. § 1983 for violations of her constitutional rights. But she names only the state of Wisconsin as a defendant, and § 1983 cannot be used to sue a state. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65–1 (1989) (states are not "persons" who may be sued for constitutional violations under § 1983). Ash should have instead named the individual persons who allegedly violated her rights. But even if Ash had named a proper defendant, I would dismiss her complaint because it is factually frivolous and makes claims this court does not have jurisdiction over.

Most of Ash's claims are frivolous. A court may dismiss a pro se complaint as frivolous where it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Allegations are factually frivolous if they are "bizarre, irrational or incredible." *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007) (citations omitted). Ash's allegations that she is attacked by radiation, surveilled by military drones, followed everywhere, and has voices forcefully broadcast to her are irrational and implausible. These allegations cannot support a claim for relief.

Ash does allege specific incidents where she was stopped and arrested by police in Illinois. These allegations are plausible, unlike the claims of constant harassment and radiation attacks. And I can infer that Ash means to allege that these stops and arrests violated her civil rights. But there are problems with this claim too. First, the claim lacks sufficient facts to meet the pleading standard of Federal Rule of Civil Procedure 8. Ash's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Ash's allegations must also include enough facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Ash's complaint doesn't give enough detail to understand why these actions were unjustified or how they violated her rights.

She also does not name any of the individual officers involved or provide information about when these interactions took place. There is no indication that state of Wisconsin officials are responsible for these actions.

Second, this court is not the right place to bring this claim. This court would not have personal jurisdiction over the potential defendants who would be in Illinois. A federal court will not usually consider personal jurisdiction on its own. *See Souran v. Del. State Fair, Inc.*, No. 19-CV-1088, 2019 WL 3779556, at *1 (E.D. Wis. Aug. 12, 2019). But the court can consider the issue if it would serve the interests of justice and efficiency. *Id*.

Ash alleges that the stops and arrests took place in Illinois while Ash was traveling from Mississippi to Ullin, Illinois, and court proceedings on these issues took place in Ullin. Nothing in the complaint indicates that the officers involved are residents of Wisconsin, nor does Ash allege that they took any actions in this state which would supply the "certain minimum contacts" necessary for personal jurisdiction. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). The only allegation tying these incidents to the Western District of Wisconsin is the alleged multi-state conspiracy to harass Ash. That frivolous allegation cannot support personal jurisdiction against the Illinois defendants. For the same reasons, Ash's allegations make clear that venue is improper in this district. *See* 28 U.S.C. § 1391. A more appropriate venue for this case is the Southern District of Illinois, where Ullin is located. And Ash has already filed a lawsuit there alleging similar facts to this complaint. *See Ash v. Pulaski City State Patrol*, 21-cv-781-DWD (S.D. Ill. Jul. 14, 2021).

There is no reason to think that Ash could remedy these defects in her allegations, and because she has already filed a substantially similar lawsuit in a more appropriate forum, I will dismiss this case.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered August 26, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge